UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THE TRUSTEES OF THE TWIN CITY BRICKLAYERS FRINGE BENEFIT FUNDS,

Plaintiffs,

v.

H & W CONSTRUCTION SERVICE, INC., A MINNESOTA CORPORATION; AND WOODROW HANSON,

Defendants.

Civil No. 01-1110(ADM/AJB)

FINDING OF FACT, CONCLUSIONS OF LAW AND ORDER

This matter came on for hearing before the undersigned on September 25, 2001, on Plaintiff's Motion for Entry of Default, for Default Judgment, and for an Injunction. Andrew Staab, Esquire, appeared on behalf of Plaintiff; no appearance was made on behalf of Defendant.

Based upon all the files and records herein, the Court makes the following:

**FINDING OF FACT**

1. The Defendants were served with the Summons and Complaint in the present action on June 20, 2001, and on June 28, 2001, respectively.
2. The Defendants are neither infants nor incompetent persons.
3. The Defendants have failed to answer or otherwise defend and are in default.
4. Defendants are signatories to the Collective Bargaining Agreement between the Associated General Contractors of Minnesota, the Minnesota Concrete and Masonry Contractors Association, and the Bricklayers and Allied Craftworkers Union Local No. 1 of Minnesota.

SEP 25 2001
FILED
RICHARD D. SLETTEN, CLERK SEP 25 2001
JUDGMENT ENTD
DEPUTY CLERK

5. Pursuant to the above-reference Collective Bargaining Agreement, Defendants are obligated to submit to Plaintiffs' Third Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Plaintiffs' TPA conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

7. That Plaintiffs face irreparable harm from Defendants' delinquency because they have a continuing obligation to provide benefits regardless of whether Defendants submit the fringe benefit contribution payments.

8. That Plaintiffs' continuing harm outweighs any prejudice to Defendants resulting from the issuance of an Injunction.

9. That Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits.

10. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Collective Bargaining Agreement and ERISA.

Based on its review, the Court reaches the following:

**CONCLUSIONS OF LAW**

1. That Plaintiffs' Motion for Entry of Defendants' Default and for Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Plaintiffs are entitled to an Injunction in the form of the separately attached Injunction.

3. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Defendants will not be

harmed by the issuance of the requested Injunction.

Based on the foregoing, IT IS HEREBY ORDERED:

**ORDER**

1. That Defendants are in default, and Plaintiffs are entitled to judgment against Defendants, jointly and severally, for delinquent fringe benefit contribution payments, together with interest, liquidated damages, audit fees, attorneys fees, and costs in the amount of $221.00.

2. Plaintiffs' motion for injunctive relief is granted under the terms set forth in the attached Injunction, and Plaintiffs are not required to provide security under Federal Rule 65(c).

3. Upon completion of the fringe benefit compliance audit of Defendants' books and records, Plaintiff's attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, and audit fees. Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against Defendants, jointly and severally, in the amount stated in the affidavit.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 25, 2001

ANN D. MONTGOMERY
UNITED STATES DISTRICT COURT